JS-6

cc: order, docket, remand letter to
Los Angeles Superior Court, Northwest District,
Van Nuys, No. 12B05036

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>SHAHRIAR KARIMI, SIMA BAHADOR and DOES 1–50, Inclusive,<br><br>　　　　　Defendants. | Case No. 2:12-cv-10964-ODW (AGRx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

　　　　The Court has received Defendants Shahriar Karimi and Sima Bahador's Notice of Removal, which is nearly identical to a notice of removal Defendants filed before Judge Anderson on November 27, 2012. *US Bank N.A. v. Karimi*, No. 12-10114 PA (PLAx), ECF No. 1 (C.D. Cal. filed Nov. 27, 2012). Having carefully considered the papers filed in conjunction with Defendants' Notice, the Court determines that it lacks subject-matter jurisdiction over this case. Accordingly, the case is once again **REMANDED** to Los Angeles Superior Court.

　　　　Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be

remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). While a plaintiff may therefore avoid federal jurisdiction by relying exclusively on federal law, "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

A case removed from state court should be remanded if it appears that it was removed improvidently. 28 U.S.C. § 1447(c). Because the "removal statutes are strictly construed against removal," doubts about removal must be resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

As they did when they previously removed this action before Judge Anderson, Defendants contend this Court has subject-matter jurisdiction under 28 U.S.C. § 1343, which provides that district courts have original jurisdiction over actions where the plaintiff seeks redress for deprivation of his or her civil rights. But as Judge Anderson noted on November 30, 2012, "Plaintiff has not asserted any claims for civil rights violations; Plaintiff's Complaint alleges only a single cause of action for unlawful detainer." *Karimi*, ECF No. 6, at 1.

/ / /

1   Defendants alternatively contend this Court has diversity jurisdiction over this case under § 1332. But as Judge Anderson also noted previously, diversity jurisdiction does not exist in this matter.

For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Under the "legal certainty" standard, a federal court lacks subject matter jurisdiction under § 1332 where "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). And in unlawful detainer actions, the title to the property is not involved—only the right to possession. *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977). The amount in controversy in an unlawful-detainer action is therefore determined by the amount of damages sought in the Complaint, not by the value of the subject property. *Id.*

While Defendants allege that the Court has jurisdiction under 28 U.S.C. § 1332, they once again fail to allege that the amount in controversy exceeds $75,000, exclusive of interests and costs. Nor could they. The object of this unlawful detainer action is the fair rental value of the premises Defendants now owe US Bank—$497.21 per day—for remaining in a home that no longer belongs to them from the expiration date of the Notice to Vacate through entry of judgment. (Compl. ¶ 8.) Indeed, the face of US Bank's Complaint indicates that US Bank does not demand an amount in excess of $10,000.00. Therefore, the amount in controversy in this case does not exceed $75,000.00, exclusive of interest and costs.

/ / /

Finally, to the extent Defendants may contend this Court has federal-question jurisdiction over this case pursuant to § 1331, this unlawful-detainer action does not present a federal question. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011); *see also IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Additionally, the Complaint does not allege any other federal question, and any federal defense Defendants raise is irrelevant with regard to jurisdiction. *Vaden*, 556 U.S. at 60; *Hunter*, 582 F.3d at 1042–43.  Therefore, the Court does not have jurisdiction over this case under § 1331.

For the reasons discussed above, the Court **REMANDS** this case to the Van Nuys Courthouse East of the Los Angeles County Superior Court, Case No. 12B05036.  *See* 28 U.S.C. § 1447(c).  Any further attempts to improvidently remove this action will result in sanctions for abuse of the judicial process.

**IT IS SO ORDERED.**

January 4, 2013

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**